ROBERT  POTTER  *vs*.  THOMAS  LUCAS.

*Amendment.*

In an action of covenant broken upon the covenants in a lease for not keeping "in proper repair the outside of the" house described in the lease, but suffering "the blinds of said house to remain in a shattered state," the plaintiff introduced evidence, without objection, relating to the damage to the window-glass, and the defendant showed that the glass was put in proper state of repair soon after the execution of the lease. When the plaintiff had nearly concluded his closing argument, the presiding justice allowed him to amend by adding after the word "state" the words, "by reason whereof the window-glass was broken and destroyed." *Held*, (1) That the amendment introduced no new cause of action, but simply a specification under the general allegation of want of repair of the outside; and (2) That if the defendant had objected at the time the evidence was offered, the amendment might then have been made.

ON EXCEPTIONS to the ruling of *Goddard*, J., of the superior court for this county.

COVENANT.BROKEN on the covenants of a lease of the "Portland House," from the defendant to the plaintiff, for the term of three years from May 6, 1865.

The declaration alleged, among other things,

"That the said Lucas did not keep the outside of said Portland House in proper repair during the term aforesaid, and while the plaintiff was so possessed as aforesaid, but suffered the same to remain unpainted, the blinds of said house to remain in a shattered and disordered state," etc.

Among other testimony in regard to matters which the defendant, in his closing argument, claimed were not covered by the declaration, certain testimony, introduced by the plaintiff without objection, tended to show that glass in the windows of the leased house had been broken, from time to time during the whole term, by the blinds, by reason of their being in a shattered state ; and testimony was introduced by the defendant showing that soon after the lease was made, the window-glass was put in a proper state of repair.

Potter *v.* Lucas.

After the close of the testimony in the case, and the final argument of defendant, and when the plaintiff had nearly finished his closing argument, he moved for leave to amend his writ by inserting after the words, " the blinds of said house to remain in a shattered and disordered state," the words, " by reason of which the window-glass was broken and destroyed in said house; " which amendment, although objected to by the defendant, was allowed by the judge.

The jury returned a verdict for plaintiff for the sum of three hundred seventy-four dollars and thirty-one cents, and, in answer to the question, " If the jury finds that the blinds remained in a shattered and disordered state, what damage, if any, does the jury find that plaintiff suffered thereby by the breaking of the windows? " found specially that the amount of said damage was forty-five dollars and fifty cents; and thereupon the defendant alleged exceptions.

*Howard & Cleaves*, for the plaintiff.

*J. & E. M. Rand*, for the defendant.

KENT, J. The declaration contained the general allegation that the defendant " did not keep the outside " of the house " in proper repair during the term aforesaid, and while the plaintiff was so possessed as aforesaid, but suffered the same to remain unpainted, and the blinds of said house to remain in a shattered and disordered state," etc. The glass in the windows was part of the outside of the house. The case went to trial without any answer to the general replication. No specifications of the particular damage was called for. Evidence was introduced by the plaintiff as to the damage to glass, without objection, and some bearing on the condition of the glass in the windows by the defendant.

These facts seem to answer the objection that the amendment was made at so late a stage of the trial. If an objection had been made when the evidence was offered, the amendment might have been then moved. The amendment does not introduce any new

cause of action; but it is simply a specification of one item covered by the general allegation of want of repair on the outside.

*Exceptions overruled.*

APPLETON, C. J.; BARROWS, DANFORTH, and TAPLEY, JJ., concurred.